TRULINCS  54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-U-B

-----------------------------------------------------------------------------------------------

FROM: 54001048
TO:
SUBJECT: Re: CLERK OF COURT
DATE: 05/25/2019 10:42:09 AM

x

Raheem J. Brennerman (54001-048)
LSCI ALLENWOOD
P O Box 1000
White Deer, PA 17887-1000

Ms. RUBY J. KRAJICK
Clerk of Court
United States District Court
The Southern District of New York
500 Pearl Street
New York, New York 10007-1312

May 23, 2019

BY CERTIFIED FIRST CLASS MAIL

Re: United States v. Brennerman
Case No. 1:17-CR-155-LAK

Dear Ms. Krajick:

Defendant Pro Se Raheem Brennerman ("Brennerman") respectfully submits the appended supplemental correspondence
dated May 23, 2019, which should be docketed in tandem to the Omnibus motion dated May 3, 2019.

Should you require any further clarification, please do not hesitate to contact me.

Dated: May 23, 2019
   White Deer, PA 17887-1000

RESPECTFULLY SUBMITTED

/s/ Raheem J. Brennerman
Defendant Pro Se

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-U-B

----------------------------------------------------------------------------------------------------------------

FROM: 54001048
TO:
SUBJECT: Re: SUPPLEMENTAL CORRESPONDENCE
DATE: 05/24/2019 03:00:08 PM

x

Raheem J. Brennerman (54001-048)
LSCI ALLENWOOD
P O Box 1000
White Deer, PA 17887-1000

The Honorable Lewis A. Kaplan
United States District Judge
The Southern District of New York
Daniel Patrick Moynihan U.S Courthouse
500 Pearl Street
New York, New York 10007

May 23, 2019

Re: United States v. Raheem Brennerman
Case No. 1:17-CR-155-LAK

Dear Judge Kaplan:

Defendant Pro Se Raheem Brennerman ("Brennerman") respectfully submits this supplemental correspondence to his Motion for Reconsideration dated May 3, 2019, in an effort to bolster is argument for a Rule 45(b) of the Federal Rule of Criminal Procedure consideration of the timeliness of his motion for relief (pursuant to Rule 33 of the Federal Rule of Criminal Procedure) from the judgment of conviction and sentence, in light of the prosecutorial misconduct, deprivation and violation of constitutional rights and Brady violation.

APPLICABLE LAW

"The standard for granting a motion for reconsideration is strict," and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the [C]ourt. "Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made," nor is it appropriate "to use a motion to reconsider solely to relitigate an issue already decided." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2055). See also Mody v. Gen'l Elec. Co., No. 3:04-CV-358 (JCH), 2006 U.S. Dist. LEXIS 24439, 2006 WL 1168051, at *1 (D. Conn. Apr. 26, 2006).

A motion for a new trial-particularly one made more than fourteen days after trial-may be granted "only in the most extraordinary circumstances." United States v. Spencer, 4 F.3d 115, 118 (2d Cir. 1993) (emphasis in original); see also United States v. Gordils, 982 F.2d 64, 72 (2d Cir. 1992) ("We have explained that a district court must exercise great caution in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant only in the most extraordinary circumstances.") "The ultimate test is whether letting a guilty verdict stand would be a manifest injustice." United States v. Canova, 412 F.3d 331,. 349 (2d Cir. 2006) (internal citations and quotations omitted).

On a Rule 33 motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 states that a motion "for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty ." Fed. R. Crim. P.33(b)(2). "In the Second Circuit, claims for ineffective assistance of counsel are not considered `new evidence` within the meaning of Fed. R. Crim. P. 33(b)(1), and as such, fall into the Fed. R. Crim. P. 33(b)(2) catchall." United States v. Blake, No. 10 CR 349 (RPP), 2011 U.S. Dist. LEXIS 86738, 2011 WL 3463030, at *4 (S.D.N.Y Aug. 5, 2011); see United States v. Rivera, No. 09-CR-619 (SJF), 2013 U.S. Dist. LEXIS 82076, 2013 WL 2627184, at *3 (E.D.N.Y. June 11, 2013). While Rule 33 "confers broad discretion upon a trial court," the granting of the motion must be predicated upon the Court`s need to avoid a perceived miscarriage of justice. United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992). Rule 33 motions are typically granted "only in extraordinary circumstances." United States v. Moore, 54 F.3d 92, 99 (2d Cir. 1995); see United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009); United States v. Torres, 128 F.3d 38, 48 (2d Cir. 1997).

Under Rule 33, "a defendant must bring a motion for new trial within 14 days of the verdict or finding of guilty, unless the court

TRULINCS 54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-U-B

---------------------------------------------------------------------------------------------------------

finds that the late filing was the product of "excusable neglect." United States v. Brown, 623 F.3d 104, 113 n.5 (2d Cir. 2010) (quoting Fed. R. Crim. P. 45(b)(2)); see Eberhart v. United States, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (holding that Rule 33 is nonjurisdictional and must be read in conjunction with Rule 45(b)). "When an act must or may be done within a specified period, the court on its won may extend the time, or for good cause may do so on a party's motion made.....after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b). A finding of excusable neglect requires consideration of various factors including: (1) "the danger of prejudice to the [non-movant]"; (2) "the length of the delay and its potential impact upon judicial proceedings"; (3) "the reason for the delay, including whether it was in the reasonable control of the movant"; and (4) "whether the movant acted in good faith. "United States v. Pauling, 256 F. Supp. 3d 329, 340 (S.D.N.Y. 2017) (quoting United States v. Hooper, 9 F.3d 257, 259 (2d Cir. 1993)); see United States v. Frederick, 868 F. Supp. 2d 32, 44 (E.D.N.Y. 2012) (noting that "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission") (quoting Pioneer Inv. Servs. Co., 507 U.S. at 395 (footnote omitted)).

## DISCUSSION

Brennerman highlighted in his motion for reconsideration dated May 3, 2019, the erroneous recharacterization of his motion for relief as a 2255 motion in tension of well settled Second Circuit law, which necessitates reconsideration of the denial at (Doc. No. 188), particularly in light of the additional arguments presented in the reconsideration motion and this supplemental correspondence.

Furthermore, in addition to the argument presented within the Motion for Reconsideration dated May 3, 2019, mainly violation of the Confrontation Clause by depriving Brennerman of the right under the Compulsory Process guaranteed by the Sixth Amendment due to the prosecution's deliberate refusal to produce the ICBC London lending files, Brennerman highlights that such deliberate refusal to produce the ICBC London lending files was also a Brady violation.

Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d. 215 (1963) ("Brady") requires the prosecution to turn over evidence favorable to the accused where the evidence is material to guilt or punishment. This includes evidence that affects the credibility of witnesses. Wilson v. Beard, 589 F.3d 651 (3rd Cir. 2009). This rule requires disclosure of information actually known to the prosecution and all information in the possession of the prosecutor's office, the police and anyone acting on behalf of the prosecution. A Brady violation has three elements: (1) the evidence is favorable to the accused; (2) the prosecution withheld it and (3) the accused was prejudiced because the evidence was material. Evidence is material if there is a "reasonable probability" of a different outcome had the evidence not been suppressed. United States v. Bagley, 473 U.S. 667, 678, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985). The prosecution has the obligation to disclose Brady material. Dennis v. Secretary, 834 F.3d 263, 284 (3rd Cir. 2016). The accused does not have to prove that he would have won the case if the prosecution had disclosed the evidence, but rather he has to show that the failure to produce the evidence undermined the right to a fair trial. The evidence must be reviewed in totality. A different outcome includes an acquittal, hung jury or a conviction on a lesser included offense. Turner v. United States, 137 S.Ct. 1885, 1897 (2017). In United States v. Lang, 2019 U.S. Dist. Lexis 65428 (4/17/19, DVI, St Croix), the court dismissed an indictment charging conspiracy to commit bank robbery and robbery based on the reckless failure to disclose Brady material.

Here, the existence of the ICBC London lending files was known to the prosecution. Moreover the prosecution denied Brennerman's request for the entire ICBC London lending files prior to trial. Those files were materials because the files contain the complete record of the transaction including the discussions with respect to discovery (whether ICBC London required discovery or not) and settlement discussion. At trial, Brennerman could have used those records (the entire ICBC London lending files) to impeach the testimony of Government's witness, Paul Hessler (for instance that ICBC London communicated to Blacksands Pacific that it was less interested in discovery and more interested in settlement which would have conclusively demonstrated that neither Blacksands or Brennerman willfully or flagrantly defied the court orders at issue) however Brennerman was prejudiced because he was deprived the use of those files to challenge the prosecution's argument at trial due to the prosecution deliberate refusal to produce the records.

In addition, Brennerman an incarcerated defendant was represented by Thompson Hine LLP at the time when he could have timely filed his Rule 33 motion, thus the timely submission of the Rule 33 motion was not within his [Brennerman] control and the attorneys at Thompson Hine LLP failed to timely file the motion or request for an extension of time to file the motion. They [Thompson Hine] also failed to inform Brennerman that the Rule 33 motion was not filed.

## RELIEF SOUGHT

Brennerman respectfully submits the above in an effort to bolster his pleading for relief from the judgment of conviction and sentence pursuant to Rule 33 of the Federal Rule of Criminal Procedure.

TRULINCS  54001048 - BRENNERMAN, RAHEEM J - Unit: ALF-U-B

--------------------------------------------------------------------------------

Dated: May 23, 2019
     White Deer, PA 17887-1000

                                         RESPECTFULLY SUBMITTED

                                         /s/ Raheem J. Brennerman
                                         Defendant







RECEIVED

2019 MAY 30  PM 2:50

CLERK'S OFFICE
S.D.N.Y.



7018 0360 0001 6679 2693

CERTIFIED MAIL

Ruby Krajick
Clerk of Court
United States District Court

The Southern District of New York

500 Pearl Street
New York, New York  10007

USMP3
N.Y.

<>54001-048<>
Raneem J Brennerman
FCC Allenwood LOW
1000 P O Box
Union B Unit
White DEER, PA 17887-1000
United States