UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                                    17-cr-0155 (LAK)

RAHEEM J. BRENNERMAN, et ano.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Defendant Brennerman was convicted in 2018 of two counts of criminal contempt of court and sentenced principally to a term of imprisonment of 24 months on each count, the terms to run concurrently. The conviction was affirmed, and certiorari was denied. *United States v. Brennerman*, 816 Fed. App'x 583 (2d Cir. 2020), *cert. denied*, 141 S.Ct. 1442 (U.S. 2021).

        The Court now is in receipt of a letter (Dkt 205) in which he seeks "a stay of enforcement of the judgment and a sua sponte dismissal of his conviction" as well as "recusal of this Court to allow a new judge consider his post conviction motions (to be filed) including a Writ of Error Coram Nobis (this correspondence is not a petition for Writ of Error Coram Nobis)." The argument goes something like this:

-    Brennerman was held in civil contempt by the undersigned in an underlying civil case entitled *ICBC (London) PLC v. The Blacksands Pacific Group, Inc.*, 15-cv-0070 (LAK) (the "Civil Case").

-    The civil contempt ruling was contrary to law because Brennerman was not a party to the Civil Case.

-    The undersigned referred the matter to the United States Attorney, who subsequently charged Brennerman with criminal contempt.

-    At the trial of the criminal contempt case (the "Criminal Case"), the undersigned "permitted the prosecution to present to the jury the civil contempt order erroneously adjudged against Brennerman," which Brennerman claims was prejudicial to him. (Dkt 205, at 2).

-    "Given the[se allegedly] extraordinary circumstances . . . , where the judge willfully ignored the law to convict and imprison a criminal defendant, a standard solution of dismissal is warranted as a matter of public interest." (*Id.* at 3).

Several points are relevant here.

As an initial matter, there is a substantial question whether there is anything properly

before the Court for consideration. The criminal case ended as far as this Court is concerned no later than the entry of the appellate mandate affirming the judgment of conviction, subject of course to the possibility of a Section 2255 motion or perhaps another post-judgment proceeding. Brennerman seems to be at pains to make clear that this latest filing is not a post-judgment collateral attack, which he indicates he intends to file in the future. Yet he seeks to have his conviction "dismissed" and wants that to occur "*sua sponte*," which of course it cannot be for the simple reason that Brennerman is asking for that action; *sua sponte* means "[w]ithout prompting or suggestion." *Sua sponte,* Black's Law Dictionary (11th ed. 2019). (Apparently he is aware of the restrictions on the filing of second or successive Section 2255 motions and wishes to avoid having this submission counted as his first). In view of the restrictions on second or successive motions, the Court will not treat this as an application for relief from his conviction. But if it is not that, there arguably is nothing before the Court. In any case, however, there is no basis for what Brennerman wishes.

First, even if there were a proceeding still pending before the undersigned, there would be no basis for recusal. At root, the foundation of Brennerman's argument is that the Court erred in holding him in civil contempt in the civil case. He then contends that the receipt in evidence in the Criminal Case of parts of the supposedly erroneous contempt orders in the Civil Case also was erroneous. But as the Supreme Court held in *Liteky v. United States,* 510 U.S. 540 (1994):

> "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky,* 510 U.S. at 555.

So there in any event would be no basis for recusal here or in any collateral proceedings.[1]

Second, Brennerman's contention that the receipt of the civil contempt evidence in the Criminal Case was error already has been rejected by the Second Circuit, and certiorari has been denied. *Brennerman,* 816 Fed. App'x at 587 ("with respect to the admission of the redacted contempt orders, we find no error").

Third, Brennerman appealed from the judgment in the Civil Case that imposed monetary civil contempt sanctions on him. (15-cv-0070 (LAK), Dkt 145). That appeal was deemed defaulted and was dismissed when Brennerman failed to file an acknowledgment or notice of appearance form at the required time. (*Id.* Dkt 149). He never appealed from the order adjudging him in civil contempt. As he had the opportunity to challenge the validity of the civil contempt ruling but elected not to do so, he may not do so now. *E.g., Chevron Corp. v. Donziger,* 990 F.3d 191, 203 (2d Cir. 2021) ("a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed

---

[1]     The Court notes that Brennerman moved to recuse the undersigned prior to trial. The motion was denied. *United States v. Brennerman,* No. 17-cr-0155 (LAK), 2017 WL 3421397, at *5-*7 (S.D.N.Y. Aug. 8, 2017). Brennerman argued on appeal that the denial was erroneous. *United States v. Brennerman,* 2d Cir. No. 18-1033, Dkt. 40, at Point V; Dkt. 145, at 2. The Court of Appeals nevertheless affirmed the judgment.

to have waived the right to challenge that decision at a later time.") (*quoting N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) (internal quotation marks omitted)).

Fourth, the collateral bar doctrine, with exceptions not here relevant, forecloses any challenge in a criminal contempt prosecution to the validity of the order with which the criminal defendant is charged with disobeying. *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."). Accordingly, Brennerman's claim that the civil contempt order entered in the Civil Case was erroneous is foreclosed.

Finally, even if the contention that the civil contempt order was erroneous could be, or could have been, raised in the Criminal Case, it would be, or would have been, without merit. Brennerman seems to be under the impression that the Second Circuit in *OSRecovery, Inc., v. One Groupe Int'l, Inc.*, 462 F.3d 87 (2d Cir. 2006), held that a non-party may not be held in civil contempt in a civil case and that the civil contempt order in his Civil Case therefore was erroneous or lacked sufficient basis or findings. (Dkt. 205, at 1-3). But *OSRecovery* held only that the civil contempt determination against a non-party *in that case* exceeded the Court's discretion because the district court *in that case* had treated a non-party "as a party—for discovery purposes only—despite the fact that [the non-party] was not actually a party" and "without sufficient explanation or citation to legal authority supporting the bases upon which" it did so. *OSRecovery*, 462 F.3d at 93. In fact, "[a] nonparty respondent" may be held in "contempt of a court order" if the respondent "abet[s] the party named in the order" in its noncompliance or if it is "legally identified with" that party. *E.g., People of the State of New York v. Operation Rescue*, 80 F.3d 64, 70 (2d Cir. 1996). In the Civil Case, the plaintiff, in support of its motion to hold Brennerman in civil contempt, made a detailed evidentiary and legal showing that Brennerman had aided and abetted and/or was legally identified with The Black Sands Pacific Group, Inc., in its disobedience of the Court's order to comply with discovery obligations. (15-cv-0070 (LAK), Dkt. 121-123, especially Hessler Decl., Dkt. 123, ¶¶ 31-57 and cited exhibits and Pl. Mem., Dkt. 122, at 15-19). Brennerman defaulted on the motion and thus left its allegations undisputed. And the Court in granting the motion specifically found that "Brennerman is properly charged with and is in contempt because he has abetted and directed Blacksands' noncompliance with the Outstanding Discovery Orders and because he is legally identified with Blacksands." (*Id.* Dkt. 139, at 2). Thus, the civil contempt adjudication of Brennerman in the Civil Case was entirely unlike that which was vacated in *OSRecovery*. There was no error here.

In all the circumstances, Brennerman's submission, to the extent it seeks any relief at all, is denied in all respects. Should an appellate court elect to treat it as a 2255 motion, this Court denies a certificate of appealability and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

SO ORDERED.

Dated:       September 9, 2021

Lewis A. Kaplan
United States District Judge