UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

          -against-

RAHEEM J. BRENNERMAN,

          Defendant.
------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2022
```

17-cr-0155 (LAK)

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      Defendant Brennerman was convicted in 2018 of two counts of criminal contempt of court and sentenced principally to a term of imprisonment of 24 months on each count, the terms to run concurrently. The conviction was affirmed, and certiorari was denied. *United States v. Brennerman,* 816 Fed. App'x 583 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 1442 (2021). The matter now is before the Court on Brennerman's motion pursuant to 28 U.S.C. § 2255 and, in addition, for (1) a stay of enforcement of the judgment of conviction pending determination of the 2255 motion, and (2) recusal of the undersigned. The latter two matters are speedily dispatched.

*Recusal*

      The present application asserts that recusal is required under 28 U.S.C. § 455(a) because this Court::

> "ignored the federal rule to conduct extra-judicial research into a non-party, Petitioner, then upon realizing that he is a black man, ignored the law in OSRecovry [*sic*] to transform him [Petitioner] into a party but solely for the purpose of discovery and not other part of the litigation to adjudicate civil contempt order against him. Following which Judge Kaplan then referred him [Petitioner] for criminal prosecution and actively sought willing prosecutors, then persuaded the prosecutors to arrest and prosecute Petitioner as well, assigning the criminal case to himself to preside over it. During trial for the criminal contempt case, Judge Kaplan permitted the prosecution to present the erroneously adjudged civil contempt order to the jury (which swayed the jury to find Petitioner guilty of criminal contempt) and also failed to protect the Constitutional rights of Petitioner by allowing prosecution witness to testify as to issues at trial, knowing that Petitioner will be unable to challenge their testimony because he (Judge Kaplan) had denied Petitioner access to the very evidence (complete ICBC files) which he required to confront (impeach) witness against him and present a complete defense." Dkt. 211, at 45.

      The subject of recusal – specifically Brennerman's arguments concerning purported extra-judicial research, the Court's alleged bias and prejudgment, and the alleged need for the commencement

of a new criminal proceeding – first was raised by defendant's counsel in a motion early in this case. Dkt. 34, at 19-29. This Court rejected all of those arguments in a published opinion filed more than four years ago. *United States v. Brennerman*, No. 15 Civ. 0070 (LAK), 2017 WL 3421397 (S.D.N.Y. Aug. 8, 2017).

All of those arguments – as well as the new ones that defendant now relies upon – were, or could have been, raised in the Court of Appeals on direct appeal. The Court of Appeals affirmed the conviction by summary order. Insofar as defendant raised the arguments upon which he now relies, the Court of Appeals rejected them, explicitly or implicitly, as any other conclusion would be inconsistent with the affirmance, and they therefore constitute the law of the case. *Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 788 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983) ("When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue. This doctrine applies to issues that have been decided either expressly or by necessary implication.")(Citations and internal quotation marks omitted) And insofar as defendant did not raise arguments upon which he now relies, he has waived them. *Chevron Corp. v. Donziger*, 990 F.3d 191, 203 (2d Cir. 2021) ("By failing to appeal the district court's general imposition of costs in his merits appeal of the RICO Judgment, Donziger waived any arguments inconsistent with that judgment. Arguments not raised on appeal are deemed abandoned and need not be reviewed by this Court."); *N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 164 (2d Cir. 1995) ("[A] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (internal quotation marks omitted)). Moreover, this Court subsequently has elaborated on the baseless nature of some of defendant's arguments. *E.g.*, Dkt. 207.

Finally, as this Court has reiterated in decisions subsequent to the Second Circuit's ruling, ther is no merit to any of the arguments defendant now raises. *E.g., id.*

Accordingly, defendant's renewed motion to recuse the undersigned is denied.

*Stay*

There is no substantial basis for staying enforcement of the judgment against the defendant.

*Conclusion*

Insofar as defendant's latest motion (Dkt. 211) seeks recusal of the undersigned and a stay of enforcement of the judgment of conviction pending the outcome of his 2255 motion, it is denied. So much of it as seeks relief under Section 2255 remains pending.

SO ORDERED.

Dated:   February 7, 2022

Lewis A. Kaplan
United States District Judge