UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RAHEEM J. BRENNERMAN,

                Movant,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/2022

22-cv-0996 (LAK)
[17-cr-0155 (LAK)]

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Defendant Brennerman was convicted by a jury of two counts of criminal contempt of court and sentenced principally to a term of imprisonment of 24 months. The conviction was affirmed on appeal. *United States v. Brennerman,* 816 Fed. App'x 583 (2d Cir. 2020), *cert. denied,* 141 S.Ct. 1442 (2021). He now moves to set aside his conviction pursuant to 28 U.S.C. § 2255 as well as for certain other relief. 17-cr-0155 (LAK), Dkt. 211; 22-cv-0996 (LAK), Dkt. 1.[1] Insofar as the motion sought relief beyond that cognizable under Section 2255, it previously was denied. Dkt. 213. In addition, he sought certain discovery, a matter addressed below.

*The 2255 Motion*

        The 2255 motion assigns four grounds for relief.

        1.     Ground One, which essentially claims that the undersigned should have disqualified himself and was biased against movant, is procedurally barred and in any case without merit, substantially on the grounds set forth in the government's opposition. Dkt. 226, at 1-2. *See also* Dkt. 213, at 1-2; *United States v. Brennerman,* 2017 WL 3421397, at *5-7 (S.D.N.Y. Aug. 8, 2017).

        2.     Ground Two claims that defendant's counsel were constitutionally ineffective in failing to obtain various files of ICBC (London) which, movant asserts, might have shown that ICBC (London) was more interested in settling its business dispute with movant than with engaging

---

[1] Unless otherwise indicated, all "Dkt." references are to the docket in 17-cr-0155 (LAK).

in post-judgment discovery for the purpose of enforcing its judgment. This in turn supposedly would have been a defense to the criminal contempt charges.

The government argues that this claim lacks merit for two reasons. First, it contends, movant has failed to show that there was any particular vehicle by which movant's trial counsel could have obtained the documents from this foreign bank and thus has failed to show either constitutionally deficient representation or prejudice. In any case, it says, "[a]s this Court previously held, . . . there is 'no merit' to [movant's] argument because, as a matter of law, '[t]he existence of settlement discussions in a civil case in which a court order is issued does not excuse a defendant from compliance absent an order by the court suspending or otherwise modifying the requirement to comply.' *Brennerman,* 2018 WL 4043141, at *1-2 (internal quotation marks omitted)." Dkt. 226, at 3.

Movant suggests that the government's first argument is incorrect because his counsel could have sought a subpoena under Fed. R. Crim. P. 17, applied to take a deposition under Fed. R. Crim. P. 15 or Fed. R. Civ. P. 28, or requested issuance of letters rogatory under 28 U.S.C. § 1781 to a United Kingdom court in an effort to get the allegedly unproduced ICBC (London) documents. Dkt. 234, at 4. As the Circuit already has pointed out, however, defense counsel attempted service of a Rule 17 subpoena, but was unable to serve effectively, *Brennerman,* 816 Fed. App'x at 585-86, and movant has failed to demonstrate whether or how valid service could have been made. Civil Rule 28 would have been inapplicable in movant's criminal contempt case. And while a Rule 15 deposition or letters rogatory perhaps was a theoretical possibility, movant has failed entirely to show that (a) the requirements of Rule 15 could have been satisfied,[2] (b) a U.K. court would have enforced letters rogatory against a London bank on U.K. soil, or (c) he eventually would have obtained the alleged documents movant claims to seek. Thus, movant has failed to establish even a colorable argument that his counsel's failure to pursue any of these speculative avenues fell below the minimum constitutional standard of adequate representation. But "the clincher," as it were, is that movant in any case has not shown prejudice – *i.e.*, that a constitutionally sufficient performance probably would have led to a different result. *See Strickland v. Washington,* 466 U.S. 668, 695 (1984).

As this Court long ago ruled, the fact that movant was engaged in settlement

---

[2] A Criminal Rule 15 deposition is available, in the discretion of the trial court, only in "exceptional circumstances and in the interest of justice." Movant has not shown any exceptional circumstances or that a deposition would have been in the interest of justice, let alone that the trial court would have exercised its discretion in his favor had an application been made. In any case, a deposition outside the United States in defendant's absence – and defendant was detained prior to trial – could have been allowed only on "case specific findings . . . [that ICBC (London)] . . . could [have] provide[d] substantial proof of a material fact in a felony prosecution" and satisfaction of other conditions, none of which has movant established. And even if he had surmounted that hurdle, he has failed to show that U.K. courts would have issued compulsory process compelling ICBC (London) to testify and/or produce documents on the facts of this case.

negotiations with the bank when he failed to comply with this Court's discovery orders – if that actually was the case – would not have been a defense to the criminal contempt charges.[3] Moreover, any contrary argument by movant has been procedurally defaulted.

>At trial, this Court charged the jury as follows:

>>"Now, you have heard a lot of evidence – and a lot of argument – that the parties in the civil suit at one point or another engaged in what one side characterized as settlement discussions and the other side spoke of it as something else.

>>"I instruct you that the crime of criminal contempt is complete, has been committed, when a defendant, with knowledge of a reasonably specific court order that requires that he do something at a particular time, or by a particular time, knowingly and fails to comply with that court order when required do so. The existence of settlement discussions in a civil case in which a court order is issued does not excuse a defendant from compliance absent an order by the court suspending or otherwise modifying the requirement to comply. To put it in a slightly different way, it does not excuse a failure to comply unless there is an order by the court suspending or otherwise modifying the requirement of compliance."

Tr. [Dkt. 104] 660:3-19. Movant claimed on direct appeal that this instruction was erroneous.[4] The Court of Appeals implicitly rejected this argument in its summary order affirming movant's conviction, as any other conclusion would be inconsistent with the affirmance, and it therefore constitutes the law of the case. *See* Dkt. 213 at 2 (citing *Doe v. N.Y City Dep't of Social Servs.* 709 F.2d 782, 788 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983) ("When an appellate court has once decided an issue, the trial court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on that issue. This doctrine applies to issues that have been decided either expressly or by necessary implication.") (citations and internal quotation marks omitted)). Accordingly, movant has failed utterly to show that the result of his criminal contempt trial probably would have been different regardless of any additional evidence of the supposed settlement negotiations might have been adduced.

---

[3] That of course is true for an obvious reason. Unlike civil contempt, which serves among others a remedial purpose for a private litigant, criminal contempt is a federal crime, *see* 18 U.S.C. § 401(3), that exists to vindicate the authority of United States courts. *E.g., Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827-28 (1994). Even the acquiescence of a private litigant or party in a criminal contumacious act cannot excuse or justify the disobedience of a court order.

[4] *United States v. Brennerman,* Nos. 18-1033-cr (L) & 18-1618 (Con), pro se brief [2d Cir. Dkt. 40], at 11.

3. Ground Three of the 2255 motion contends again, as movant argued on direct appeal, that the receipt in evidence of portions of the civil contempt orders was erroneous. As the government argues, this is procedurally barred and, in any case, meritless. Dkt. 226, at 3.

4. Ground Four contends that movant was deprived of due process because the government failed to obtain the documents he wants from ICBC (London). This argument too is procedurally barred and, in any case, meritless for the reasons given by the government. *Id.* at 4.

*Discovery*

Movant seeks also an order, pursuant to Rules 6 and 7 Governing Section 2255 Proceedings, compelling ICBC (London), the United States Attorneys Office, Linklaters LLP, and a retired partner of that law firm to produce various ICBC documents relating to the alleged settlement negotiations and another transaction or transactions to support movant's 2255 motion. Dkt. 227. These documents supposedly are necessary to establish the theory discussed above and in the previous filings on the 2255 motion. They are said to be relevant also to movant's conviction of multiple counts of bank fraud in a case tried before Judge Richard Sullivan.

Insofar as movant contends that the documents have some bearing on the 2255 motion in this case, there is no good cause for the requested discovery for reasons fully stated above. As there is no 2255 motion before me in respect of the convictions for bank fraud before Judge Sullivan, good cause is lacking for that reason as well.

*Conclusion*

Movant's motion pursuant to 28 U.S.C. § 2255 (Dkt. 211) and his so-called Supplemental Motion (17-cr-155 (LAK), Dkt. 227; 22-cv-0996 (LAK), Dkt. 17) are denied in all respects. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3). The Clerk shall enter judgment and close 22-cv-0996 (LAK).

SO ORDERED.

Dated: May 16, 2022

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge