```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-                                                                17-cr-0155 (LAK)

RAHEEM J. BRENNERMAN,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

    Defendant Brennerman was convicted in 2018 of two counts of criminal contempt of court and sentenced principally to a term of imprisonment of 24 months on each count, the terms to run concurrently, and a fine of $10,000. The conviction was affirmed, and certiorari was denied. *United States v. Brennerman,* 816 F. App'x 583 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 1442 (2021). Defendant's Section 2255 motion was denied in May 2022. (Dkt 235) According to his attached filing, the term of imprisonment imposed in this case "has already [been] fully discharged." (Dkt 256) But he now moves to amend or correct the sentence imposed in this case, arguing that the imposition of *both* imprisonment and a fine was improper. The existence of the fine, he contends, is prejudicial because the Bureau of Prisons is refusing to credit him with First Step Act time credits toward a sentence in another case by reason of the imposition of the fine in this case.

    The only arguable bases for jurisdiction over this motion are suggested by Section 3582(b) of the Code of Criminal Procedure, 18 U.S.C. § 3582(b), which provides in relevant part as follows:

> "Notwithstanding the fact that a sentence to imprisonment can subsequently be–
>
> (1) modified pursuant to the provisions of subsection (c);
>
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

2

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."

But neither 18 U.S.C. §§ 3582(c) or 3742, nor Rule 35 of the Criminal Rules, permits any modification of the judgment of conviction in this case. As the Eighth Circuit has held, "Section 3582(b) does not grant jurisdiction to a district court to do anything, let alone correct an illegal sentence." *United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir. 1993); *see also United States v. Abrams,* 137 F.3d 704, 707 (2d Cir. 1998). Similarly, the relevant provisions of Section 3742 "do not grant jurisdiction to a district court to review a final sentence" — rather, they merely "direct[] that [any] notice of appeal [from a final judgment] must be filed in that court." *Auman,* 8 F.3d at 1271; *see also United States v. Burridge,* 125 F. App'x 961, 963 (10th Cir. 2005). And to the extent that Rule 35 authorizes correction of sentences, it does so only with a fourteen day period following their imposition. *Burridge,* 125 F. App'x. at 963.

Accordingly, defendant's application is denied for want of jurisdiction.

SO ORDERED.

Dated:      October 2, 2024

_____
Lewis A. Kaplan
United States District Judge